WAMBAUGH *against* GATES.

*Sale of land under decree; deed to purchaser; title.*

EJECTMENT for lands in Chemung county. The defendant (Gates) and others, in September, 1838, obtained a decree in Chancery, directing the sale of the lands in

question and the payment out of the proceeds, first, of complainant's costs ; second, costs of guardians of infant defendants; and third, legacies due complainants.

Subsequently, Wambaugh filed a bill against the parties in the first suit, to establish a prior lien on the lands, obtained an injunction restraining a sale on the first decree, and in April, 1842, obtained a decree directing a sale under both decrees, and payment; first, of the costs directed to be paid by the first decree and defendant's costs in the second suit ; second, of the amount due him (Wambaugh), with costs, and the further payments, according to the first decree. Wambaugh placed the second decree in the hands of a master, who, after advertising, postponed the sale. Collier, the solicitor of Gates, then wrote to the master : "I have a right to sell under the first decree, and therefore direct that there be no further postponement." And further : "The master is to sell under the two decrees; these are his authority." At the sale, in July, 1842, Wambaugh bid off the lands at $3,725 ; paid Collier, for costs, according to the second decree, $908.47; retained the balance (being less than the sum decreed to him), and received a deed.

Gates, after the sale, appealed to the Chancellor from Wambaugh's decree, and it was reversed in 1845. Wambaugh appealed to the Court of Errors; and pending that appeal Gates caused the lands to be sold under the first decree, when they were bid off by Collier and conveyed by him to Gates, who took, and still holds possession. The Chancellor's decree was affirmed, and Wambaugh brought this suit to recover the lands, claiming that the sale to him was under both decrees, and his title therefore perfect, notwithstanding the reversal of his decree. Collier has not repaid to Wambaugh the amount paid him on the sale. *Held*, that the reversal of the second decree destroyed all the authority

under which the first sale was made, and rendered the deed given in pursuance of it void.

That Gates was not estopped from alleging that the sale was made by virtue of the second decree only, by what was said or done by Collier.

That Gates's title depended upon the facts as they existed when he made the purchase, and at that time there was no obligation on the part of any one to repay to Wambaugh, as he was then prosecuting his appeal in the Court of Errors.

(S. C., 8 N. Y. 138; 11 Paige, 505.)